# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 16, 2008

Charles R. Fulbruge III
Clerk

No. 07-10432
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

MAURICE JOHNSON, JR.,

Defendant-Appellant.

Appeal from the United States District Court
for the Northern District of Texas
No. 7:06-CR-8-ALL

Before SMITH, STEWART, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Maurice Johnson, Jr., appeals his conviction of distribution of cocaine base, possession with intent to distribute cocaine base, and being a felon in possession

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

of a firearm and ammunition. He contends the district court erred by denying his motion for mistrial after a witness had made an unsolicited comment indicating that Johnson had been convicted of murder and that the court erred in denying Johnson's motion to suppress his statements to police.

The denial of a mistrial was no abuse of discretion. See *United States v. Dupre*, 117 F.3d 810, 823 (5th Cir. 1997). Officer Karl King responded to the question how long he had known Johnson by commenting that he had known Johnson since shortly before Johnson was convicted of murder. The remark was unsolicited, and the court directed the jury to disregard it and later instructed that Johnson was not on trial for any offense not alleged in the indictment and that evidence of other crimes could not be considered for any purpose.

A jury is presumed to follow instructions. See *United States v. Fields*, 483 F.3d 313, 354 (5th Cir. 2007), cert. denied, 128 S. Ct. 1065 (2008). Moreover, in light of the evidence, there is no significant possibility that King's comment had a substantial impact on the verdict. See *United States v. Paul*, 142 F.3d 836, 844 (5th Cir. 1998).

Johnson contends that his confession was proven to be involuntary, because King answered "No, Sir" to the question, "Any statements that he made, in your opinion, would have been freely, voluntarily and intelligently made on his choice?" King's answer, when read in context, was only a misstatement and did not undermine the district court's decision that Johnson's oral statements were admissible.

AFFIRMED.